DECISION.
Appellant Michael L. Engram appeals the sentence he received for possession of cocaine, a fourth-degree felony, following the trial court's acceptance of his no-contest plea. In his sole assignment of error, Engram asserts that the trial court erred by imposing a term of imprisonment. He specifically argues that the trial court's decision was improperly based on an unfavorable report from a community-based correctional facility.
The record demonstrates that the trial court referred Engram for an evaluation at the community-based correctional facility at defense counsel's request. Subsequent referrals were made at defense counsel's request after Engram failed to keep his appointments. Consequently, the facility refused to accept Engram.
The trial court, after placing the referral history on the record at the sentencing hearing, proceeded to undertake what it assumed was the statutorily mandated sentencing analysis. The problem with the trial court's analysis is that it treated the drug offense as a "garden variety" fourth-degree felony. Under that analysis, there is a presumption against prison that requires the trial court to make certain findings, including that imprisonment is consistent with the principles of sentencing and that the offender is not amenable to community-control sanctions.[1] In contrast, there is a presumption in favor of a prison term for the fourth-degree felony drug offense involving the amount of crack cocaine possessed by Engram, from one to less than five grams.[2]
(We note that Engram had been indicted under R.C. 2925.11(A) for possession of crack cocaine that exceeded one gram but did not exceed five grams. The transcript of the proceedings mistakenly indicates that Engram had pleaded no contest to possession of crack cocaine that exceeded one gram, but did not exceed thirty-five grams. According to the laboratory report, the cocaine weighed two grams.)
Thus, under the correct analysis, the trial court was required to impose a prison term unless it found that a community-control sanction (1) would adequately punish Engram and protect the public from future harm and (2) would not demean the seriousness of the offense based on the seriousness and recidivism factors enumerated in R.C. 2929.12.[3]
Because Engram had not previously served a prison term, the court was required to impose the minimum term, unless R.C. Chapter 2925 mandated otherwise. It did not.
Although the trial court used the wrong analysis, we cannot conclude that it erred by imposing a prison sentence. Even though the court mistakenly believed that there was no presumption of prison, this error was in Engram's favor. A misapprehension of a presumption that benefits a defendant surely cannot be grounds for reversal.
The court was required to impose a prison term unless the recidivism and seriousness factor found in R.C. 2929.12 indicated that a community-control sanction was appropriate. Based on Engram's likelihood of recidivism, including the facts that he was on probation for two prior felonies and had a history of juvenile adjudications and adult misdemeanor offenses, the trial court found that Engram was not amenable to community control. We agree. The trial court sentenced Engram to the minimum term for a fourth-degree felony, six months. We conclude that Engram's sentence was proper. Further, the trial court's consideration of the community-control facility's decision not to accept Engram based on his failure to appear for an evaluation was appropriate in determining Engram's likelihood of recidivism.
Accordingly, we overrule Engram's assignment and affirm the trial court's judgment.
 _____________________ Painter, Presiding Judge.
 Winkler and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See R.C. 2929.13(B)(1) and (2).
[2] See R.C. 2929.13(E)(1) (citing R.C. 2925.11 for determining whether to impose a prison term for a fourth-degree drug offense); R.C. 2925.11(C)(4)(b) (presumption of prison).
[3] See R.C. 2929.13(D).